## SMITH v. THE MORMACDALE.
### No. 243.

United States District Court
E. D. Pennsylvania.

April 12, 1951.

William M. Alper, of Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Thomas E. Byrne, Jr., of Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

WELSH, Judge.

The Libellant, a longshoreman, brought this suit in rem against the Steamship "Mormacdale", a vessel owned by his employer, Moore-McCormack Lines, Inc.

In substance, the first defense pleaded by Respondent in its answer, against which the Libellant has filed a motion to strike, is that as between the Libellant and the Steamship "Mormacdale" the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., are applicable and that under Section 5 of that Act the liability of the Claimant (the vessel's owner and Libellant's employer) for the payment of compensation pursuant to that Act constitutes the sole and exclusive remedy of the Libellant against the Steamship "Mormacdale". We think the pleaded defense is a valid one and should be sustained.

The argument of Libellant is that while a longshoreman's rights against his employer are limited to those granted him by the Act the present suit is not against his employer but against a third party, i. e., against the ship, and therefore maintainable since his rights against third parties were expressly reserved to him by the Act. The argument, we think, is untenable, for the present suit, which is brought against the ship to recover damages allegedly caused by unseaworthiness and negligence, is in fact a suit brought against the ship's owner and Libellant's employer and such suit is barred by the provisions of the Longshoremen's and Harbor Workers' Compensation Act.

Libellant's motion to strike first defense of Respondent's answer is accordingly denied.

An order pursuant to the foregoing opinion will be prepared and submitted.