Gilbert C. **BYNUM**

v.

THE S. S. **MORMACTEAL.**

**No. 59 of 1960.**

United States District Court
E. D. Pennsylvania.

Nov. 29, 1960.

Joseph Weiner, of Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Mark D. Alspach, of Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

WELSH, Senior District Judge.

This libel in rem brought by libellant, Gilbert C. Bynum, against the vessel Mormacteal, alleges that on December 23, 1959, libellant was injured while discharging cargo aboard the respondent vessel moored at Pier A, Port Richmond, Philadelphia, Pennsylvania. Damages are sought because of the alleged negligence and unseaworthiness of the vessel. At the time of the accident, libellant-longshoreman was in the employ of Moore-McCormack Lines, Inc., owner of the Mormacteal.

Moore-McCormack Lines, Inc., owner and claimant of the S. S. Mormacteal, has filed exceptive allegations, requesting dismissal of the libel in rem on the ground that the action is in fact a suit against the employer and is thus barred by § 5 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905.

§ 5 of the Act provides that the liability of the employer for payment of

compensation to his employees shall be exclusive and in place of all other liability. In an effort to escape the force of said provision, libellant contends that: (1) The vessel is an independent juridical entity which is suable notwithstanding that her owner is protected by the Compensation Act. (2) The amendment to the Compensation Act of August 18, 1959, makes the vessel liable in rem. (3) The Compensation Act does not prevent an action against the vessel in rem.

1. The United States Court of Appeals for the Third Circuit, in Smith v. The Mormacdale, 198 F.2d 849, 850, certiorari denied 345 U.S. 908, 73 S.Ct. 648, 97 L.Ed. 1344, swept aside libellant's first contention stating:

> "Where the vessel is the property of the employer, an action against the vessel is realistically an action against the employer; collection of damages out of the ship is, of course, an indirect way of collecting from the owner-employer. * * * To impose this additional liability on the employer in the situation where he is also ship owner would radically distort the intent of Congress in enacting the Longshoremen's Act."

Later in its opinion the Court stated:

> "The concept of the ship as a distinct juridical entity, while it may be a convenient conceptual tool for many purposes, should not be invoked here to frustrate the clearly manifested intent of Congress to limit the employer's liability to his employee to the remedy provided by the Act."

We have been unable to find any appellate decision since the Smith case modifying or reversing the holding therein.

2. Libellant's second contention, however, is that the holding of the Smith case has been changed by the amendment of August 18, 1959 to the Act, 33 U.S.C.A. § 933(i), which provides:

> "The right to compensation or benefits under this chapter shall be

the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: *Provided, That this provision shall not affect the liability of a person other than an officer or employee of the employer.*" (Italics supplied)

In his brief, libellant states that "the above amendment clearly means that the vessel continues to be liable for its torts in rem; only officers or employees of the employer are absolved from liability".

In this respect we think that libellant is in error in view of (a) the plain language of the amendment and (b) its legislative history.

(A) Initially, if the libellant's conclusion were sound, it would mean that the employer itself is no longer protected. We think that this proposition is not tenable. It must be remembered that § 5 of the Compensation Act is the broad provision insulating the employer from any liability in addition to that imposed by the Compensation Act. To amend such broad provision of § 5, language far more explicit than that contained in the italicized portion of the amendment of August 18, 1959 is required.

(B) In the second place, it must also be remembered that, strictly construed, § 5 of the Act does not prevent an injured longshoreman from suing, individually, a fellow employee who may have been responsible for his injuries. The 1959 amendment to § 33 simply recognized the problem and solved it by forbidding such an action. In other words, the 1959 amendment to § 33 of the Act not only does not limit the provisions of § 5, but broadens them by insulating not only the employer, but also the fellow employees of the injured party from any liability in damages to the injured party. This is made clear by the legislative history of the amendment. U. S. Code Congressional and Administrative News,

86th Congress, First Session 1959, Volume 2, pages 2134–2136. With respect to the amendment now relied on by libellant, the Senate Report, under the heading "Purpose Of The Bill", states as follows at page 2135:

"The other major provision of the bill relates to the immunization of fellow employees against damage suits. The rationale of this change in the law is that when an employee goes to work in a hazardous industry he encounters two risks. First, the risks inherent in the hazardous work and second, the risk that he might negligently hurt someone else and thereby incur a large common-law damage liability. While it is true that this provision limits an employee's rights, it would at the same time expand them by immunizing him against suits where he negligently injures a fellow worker. It simply means that rights and liabilities arising within the 'employee family' will be settled within the framework of the Longshoremen's and Harbor Workers' Compensation Act."

3. Libellant's third and last contention that the Compensation Act does not prevent an action against the vessel in rem is nothing more than a repetition of the arguments previously made and rejected in the Smith case. The difficulty with this line of argument is that this Court has already ruled against it, Smith v. The Mormacdale, D.C., 99 F. Supp. 584, our Court of Appeals has affirmed in definite terms, and the Supreme Court has denied review of the issue.

Accordingly, respondent's exceptive allegations will be sustained and the libel in rem will be dismissed on the ground that the action is in fact a suit against the employer and is thus barred by § 5 of the Longshoremen's and Harbor Workers' Compensation Act.

An appropriate order will be prepared and submitted.