PEARSON, TILLMAN, Chief Judge.
United States Fidelity and Guaranty Company brought an action for damages against Reed Construction Corporation and Harold B. Ross, and styled the name of the plaintiff as follows: “United States Fidelity and Guaranty Company, a foreign corporation, individually and for the use and benefit of Annie B. Berdeaux, Plaintiffs.” The complaint sought damages under the Florida death by wrongful act statute.[1] The action arose out of the alleged negligent op *627 eration of a motor launch which caused the death of Virgil Berdeaux. The complaint alleged as follows:
(a) That United States Fidelity and Guaranty Company was compensation carrier for Advance Electric Company, employer of Virgil Berdeaux, deceased.
(b) That the deceased, Virgil Berdeaux, left surviving a widow, Annie B. Ber-deaux.
(c) That alleged negligent acts on the part of the defendants proximately caused the death of Virgil Berdeaux while in the course and scope of his employment for Advance Electric Company.
(d) That United States Fidelity and Guaranty Company was required under Title 33, U.S.C.A. § 933, commonly known as the Federal Longshoremen’s and Harbor Workers’ Compensation Act, to pay benefits to the surviving widow, Annie B. Berdeaux.
(e) That damages were claimed for the various legal elements sustained by Annie B. Berdeaux as a result of the wrongful death of her husband.
The trial court dismissed the action upon the ground, as stated in the order, that the cause of action given under the wrongful death statute to a widow, where one survives, is not assignable and that therefore the compensation carrier for the employer can not maintain the action. This appeal is from that order, and we reverse.
The Federal Longshoremen’s and Harbor Workers’ Compensation Act appears as Chapter 18, Title 33 U.S.C.A.; section 933 (b) of Title 33 provides as follows:
“Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person.”
 The controlling question is whether this federal statute is sufficient to create a right in the employer even though in Florida such an action- is not assignable. The appellee strongly urges, inasmuch as the Florida wrongful death statute is in derogation of the common law and must be strictly construed, that there can be no assignment by federal law because such is precluded by the omission of assignability from the Florida law.
The nonassignability of a death action has recently been reaffirmed by this court in Clar v. Dade County, Fla.App. 1959, 116 So.2d 34, 35. In that case we were called upon to answer, pursuant to Rule 4.6, Florida Appellate Rules, 31 Fla.Stat., F.S.A., the following question:
“ ‘May the right of action for wrongful death conferred by the statute (§ 768.02, Fla.Stat., F.S.A.) upon a minor child by the deceased, be waived or assigned to the Administrator ? ’ ”
We answered the question in the negative and in so doing pointed out as follows:
“Since Florida appears to follow the common law rule on non-assignability of a personal injury claim, and absent statutory authority that permits the waiver or assignment of the right to bring an action under the wrongful death statute, we conclude that the right of action could not be waived or assigned in favor of a person in an inferior class by a person occupying a superior position.”
For the purpose of the present appeal, the important words in the holding quoted are, “absent statutory authority that permits the waiver or assignment of this right”. It is clear that a Florida Statute may provide for the assignment by operation of law of a personal injury claim. Cf. Bituminous Casualty Corporation v. Hawes, Fla.1955, 82 So.2d 731.
The Federal Longshoremen’s and Harbor Workers’ Compensation Act pro *628 vides compensation to workers and their dependents in a field where federal legislation is paramount. The federal statute should operate as effectively in its own area as a statute of the State of Florida would operate in a nonfederal area. The question thus becomes, may a federal statute operate in its own area by extending the benefits created by a state statute. Inasmuch as the federal statute, to be fully effective, must take precedence over state law on the subject covered, it may not be limited by state law. To deny to a federal statute in its proper field the effect that a state statute would have in that field would be to limit the relief provided by the federal statute. Paxos v. Jarka Corporation, 314 Pa. 148, 171 A. 468.
The order dismissing the complaint is reversed and the case is remanded for further proceeding not inconsistent with this opinion.
Reversed.

. § 768.02, Fla.Stat., F.S.A.