20550

William SMALLS, Respondent, v. Staff Sgt. Barry E. BLACKMON, Edward Warren, and one 1970 Pontiac, Florida License No. 4W-167352, Vehicle Identification No. 276570A118107, of which Edward Warren is, Appellant.

(239 S. E. (2d) 640)

*Wallace G. Holland, of Young, Clement and Rivers,* Charleston, *for Appellant,*

*Moss, Carter, Branton and Bailey,* of Beaufort, *for Respondent,*

November 29, 1977.

RHODES, Justice.

The central question presented on this appeal is whether an employee who has collected compensation benefits under the Federal Longshoremen's and Harbor Workers' Compensation Act [1] (Longshoremen's Act) has a cause of action against a negligent coemployee who is also a "permissive user" of an automobile and covered by liability insurance. Appellant contends that the Longshoremen's Act is the sole and exclusive remedy, and further asserts that a "permissive user" status does not, in itself, give rise to a cause of action. We agree with appellant and reverse the action of the lower court in overruling his demurrer.

[1] 33 U.S.C.A. § 901 *et seq.*

William Smalls, the respondent, and Edward Warren, the appellant, were coemployees at the Parris Island Marine Corps Exchange Service Station when the accident giving rise to this action occurred. The respondent was injured when a customer's automobile being driven by Warren suddenly lunged and pinned the respondent against a wall at the service station. Smalls collected benefits under the Longshoremen's Act for his injuries arising out of and in the course of his employment and, subsequently, brought a negligence action naming as defendants, Warren, the customer (Blackmon), and the automoble. Warren demurred to the complaint (actually amended complaint) on the ground that it failed to state a cause of action as to him since he was a coemployee of the respondent and the Longshoremen's Act provided the exclusive remedy against a fellow employee. The lower court denied the demurrer holding that Warren could be made a party defendant in his capacity as a "permissive user" of the automobile. Warren appeals.

The Longshoremen's Act provides that [t]he right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, . . . by the negligence or wrong of any other person, or persons in the *same employ;* Provided, That this provision shall not affect the liability of a person other than an . . . *employee of the employer.*

33 U. S. C. A. § 933 (i) (emphasis added). The clear language of this provision has been accorded a literal interpretation—"[I]t extends to the employer and fellow employee an absolute civil immunity," *Nations v. Morris,* 483 F. (2d) 577, 589 (5th Cir. 1973), cert. den. 414 U. S. 1071, 94 S. Ct. 584, 38 L. Ed. (2d) 477 (1973).

Smalls, however, attempts to circumvent the clear language of § 933(i). He asserts that Warren, having operated the defendant automobile with the consent of the named insured, is a "permissive user" under the omnibus clause,[2] and that

---

[2] S. C. Code § 56-9-810(2) (1976).

he, the respondent, is suing Warren as a "permissive user", not coemployee. Relying primarily on *St. Paul Fire & Marine Ins. Co. v. American Ins. Co.,* 251 S. C. 56, 159 S. E. (2d) 921 (1968), the lower court held the omnibus clause created a cause of action against a "permissive user" independent of any other relationship between the parties, and allowed the action to continue against Warren "as a permissive user only".

The lower court's construction of the omnibus clause was based on language found in the case of *St. Paul Fire & Marine Ins. Co. v. American Ins. Co., supra.* That case presented the question of whether the named insured's father was a "permissive user" under the named insured's automobile liability policy. In what was clearly *dicta,* the court stated that "[o]ne of its [the omnibus clause's] purposes is to protect any person injured by the operation of an insured vehicle *by giving him a cause of action against the insurer* for injuries deemed by the law to have been caused by its operation," 251 S. C. at 60, 159 S. E. (2d) at 923. (emphasis added).

It must be remembered that an automobile liability insurance policy is basically a contract of indemnity. The insurer is obligated to pay only those sums which the insured becomes legally obligated to pay. An "insurance carrier is in the same legal position as its insured. A liability insurance carrier only contracts to pay any debt the insured is liable to pay." *Travelers Ins. Co. v. Allstate Ins. Co.,* 249 S. C. 592, 596, 155 S. E. (2d) 591, 595 (1967).

Neither the existence of a covering insurance policy or a defendant's status as an insured creates a cause of action. The fact that Warren was a "permissive user" in no manner reduces the immunity granted him under the Longshoremen's Act. Such defenses as were available to him would be equally available to his insurance carrier. Therefore, appellant, being a coemployee of respondent, is not subject to suit, and no cause of action exists against him by virtue of

the immunity granted in § 933(i) of the Longshoremen's Act. Appellant's demurrer is sustained.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.