**Joel T. HOWARD, Plaintiff,**

v.

**UNIROYAL, INC., Defendant.**

**Civ. A. No. 81–104–E.**

United States District Court,
M. D. Alabama, E. D.

Oct. 1, 1981.

---

Alvin T. Prestwood, Claude P. Rosser, Jr., Richard Shinbaum, Montgomery, Ala., for plaintiff.

Harry L. Hopkins, Lange, Simpson, Robinson & Somerville, Birmingham, Ala., Harry N. Turk, Ben Fernandez, Arthur, Dry & Kalish, New York City, for defendant.

## OPINION

VARNER, Chief Judge.

This cause is now before the Court on the Defendant's motion to dismiss contained in the Answer filed herein September 4, 1981. On September 18, 1981, oral argument was had on the motion. At that hearing, Plaintiff maintained that this cause of action was grounded in State contract law and that the suit did not seek to state a private cause of action under 29 U.S.C. § 793. Any attempt to state such a cause of action would be unavailing in that the Fifth Circuit Court of Appeals has held that no such private action can be brought. See, *Rogers v. Frito-Lay*, 611 F.2d 1074 (5th Cir. 1980).

■ At oral argument, this Court raised a question as to whether federal law —29 U.S.C. § 793—supersedes State law [1] in this area. Pursuant to this Court's obligation to note the inadequacy of the complaint, this Court has analyzed the question of "preemption" as it applies to this case. See, *Webber v. White*, 422 F.Supp. 416, 418, n. 1; C. Wright & A. Miller, Federal Prac-

tice and Procedure: Civil, § 1357, p. 593 (1973). Based on that analysis and on the reasons specified below which follow therefrom, this Court is of the opinion that Congress preempted State law, insofar as Alabama State law might create a third-party beneficiary action for the benefit of handicapped persons who are covered by the terms of 29 U.S.C. § 793. Congress' intention to provide an administrative remedy in this area would appear to preclude the attribution to Congress of any intention to allow a third-party beneficiary action under State law. This conclusion follows from the application to the facts of the instant case of three tests promulgated by the Supreme Court to determine when an act of Congress preempts State law.

The first test requires this Court to determine whether the administrative scheme or "the scheme of federal regulation [is] so pervasive as to make reasonable the inference that Congress left no room for * * * [State law] to supplement it." *Pennsylvania v. Nelson*, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640 (1956). That this is so follows logically from the Fifth Circuit Court of Appeals' consideration of the 29 U.S.C. § 793 statutory scheme when it decided another related issue. In *Rogers v. Frito-Lay*, supra, at 1084, the Court stated:

"Congress provided a complete administrative scheme to remedy section 503 violations. The implementing regulations [2] * * * provide explicit details for the operation of that plan."

Looking to the statutory and regulatory scheme as a whole, it appears that Congress has so occupied the area of providing remedies for handicapped persons covered by 29 U.S.C. § 793 that State law which would allow a remedy different from that provided in the Act must yield. See, generally, *Pennsylvania v. Nelson*, supra.

A second test approved by the Supreme Court in determining preemption questions

---

1. Whether the State law displaced is the result of a legislative enactment or is the result of common law development does not make any difference in this Court's determination of a preemption question. *Sperry v. Florida*, 373 U.S. 379, 403, 83 S.Ct. 1322, 1335, 10 L.Ed.2d 428 (1963).

2. See, 41 C.F.R. § 60–741–4.

is whether "the federal statutes touch a field in which the federal interest is so dominant that the federal system [must] be assumed to preclude enforcement of state laws on the same subject." *Pennsylvania v. Nelson,* supra, at 504, 76 S.Ct. at 481. Unquestionably, the federal interest is dominant here. First of all, the legislation deals exclusively with contracts entered into by the Federal Government. No great imagination is required to realize that the Federal Government's interest in conditioning its entry into contracts on terms it desires is significant. Therefore, an application of this test to the facts of this case necessarily requires this Court to hold that conflicting State law must yield to the federal enactment. It simply cannot be effectively argued that the State's interest in providing a remedy in a limited class of actions such as are under consideration here comes anywhere close to eclipsing the Federal Government's interest in imposing contractual terms it desires on private parties. This is particularly so where the private party has the option not to contract with the Federal Government.

The third and final test formulated by the Supreme Court in *Nelson* is whether the enforcement of State law "presents a serious danger of conflict with the administration of the federal program." In analyzing the facts of this case in the light of this test, language utilized by the Fifth Circuit Court of Appeals in *Rogers v. Frito-Lay,* supra, is applicable. There the Court quoted legislative history which stated that the provisions of the Rehabilitation Act of 1973 are to "be administered in such a manner * * * [that] a consistent, uniform, and effective federal approach to discrimination against handicapped persons would result." *Rogers v. Frito-Lay,* supra, at 1081, citing Sen.Conf.Rep.No.93–1270, 93d Cong., 2d Sess. 25–28 (1974). The Court also stated that "[t]he administrative emphasis [of the Act] is on 'conciliation and persuasion' and on 'informal means' of resolution." *Rogers v. Frito-Lay,* supra, at 1084. The Court went on to suggest that "a private judicial remedy may be difficult to harmonize with the administrative framework" and finally concluded by stating:

"The provision of an express administrative remedy for qualified handicapped persons creates at least some basis to conclude that a private right of action would be inconsistent with the purposes of the legislative scheme." *Rogers v. Frito-Lay,* supra, at 1084.

This language appears to indicate that the Fifth Circuit Court of Appeals felt that a private federal right of action under 29 U.S.C. § 793 would conflict with the administration of the federal program.

The language quoted above would, of course, be equally applicable to the existence of a private State action for breach of contract. To the extent that a private right of action under 29 U.S.C. § 793 would conflict with the administration of the federal program, there is no reason to believe that a private contract action under State law would have any different result.

Another consideration in determining that State law must be preempted is that "a multiplicity of tribunals and a diversity of procedures" would undoubtedly produce "incompatible or conflicting adjudication" on the same or similar issues. See, *Pennsylvania v. Nelson,* supra, at 509, 76 S.Ct., at 483. Such adjudication would obviously have a disruptive effect on the ability of the Federal Government to administer the program so that a "consistent, uniform, and effective federal approach to discrimination against handicapped persons * * * would exist." *Rogers v. Frito-Lay,* supra, at 1081.

Since it appears that federal law has preempted State law in such a manner that would preclude the maintenance of a State cause of action, it is this Court's opinion that the Second Cause of Action of Plaintiff's Complaint should be dismissed for failure to state a claim.

An Order will be entered in accordance with this Opinion.