Plaintiff, Talmadge Franklin Foster, while working as a "shipfitter" at a land-based operation, but who was covered under the provisions of the Federal Longshoremen's and Harbor Worker's Compensation Act (LHWCA), 33 U.S.C. § 901-950, sued his co-employee for injuries he allegedly sustained while working on the job. The issue before the Court is whether the exclusivity provisions of the LHWCA bars the suit. We hold that the exclusivity provisions of the federal act are controlling, and we reverse and remand.
The injury which is the basis of this suit occurred at the Kaiser Aluminum and Chemical Sales, Inc. plant on Pinto Island in Mobile. The Pinto Island plant manufactures storage tanks which are placed in ocean-going vessels at the plant site. The plaintiff, who was classified as a "shipfitter," was injured while using a hand-held grinder to smooth out welds on the storage tanks. The grinder, which did not have a safety guard, "kicked back," and struck the plaintiff in the face.
After his injury, plaintiff applied for state workmen's compensation benefits. He never applied for compensation benefits under the LHWCA, although he was eligible for them.See Waller v. Kaiser Aluminum Chemical Sales, Inc., OWCP No. 6-47643 (March 13, 1981); Clark v. Kaiser Aluminum ChemicalSales, Inc., OWCP No. 6-47917 (June 9, 1981); Campbell v.Kaiser Aluminum Chemical Sales, Inc., OWCP No. 6-47914 (June 12, 1981); and Sylvester v. Kaiser Aluminum Chemical Sales,Inc., OWCP No. 6-45393 (July 7, 1981), holding the Kaiser facility came under the LHWCA.
Plaintiff, in his original complaint, and in all amended complaints, claimed that the defendant co-employee had personal duties and responsibilities in the area of safety at the Kaiser facility, and that these duties *Page 323 
included providing him with a reasonably safe place to work and with reasonably safe tools and equipment with which to perform his work. Plaintiff claimed that the co-employee defendant, who was the plant manager, breached this duty by providing him with an unreasonably dangerous tool, and that his injury proximately resulted from the breach of this duty. Plaintiff testified at trial that he was never instructed to use a safety guard nor was he warned by any of his co-employees of the possibility that the grinder would "kick back."
Defendant raised as a defense the exclusivity provisions of the LHWCA by asking the court (1) to dismiss the claim, (2) to direct a verdict in his behalf, and (3) to enter a judgment in his behalf notwithstanding the fact the jury awarded plaintiff $75,000. The court denied each motion.
The defendant appealed and raises two issues on appeal: (1) whether the LHWCA bars the instant suit, (2) and whether the defendant was guilty of any negligence which would subject him to personal liability. Because of our holding on the first issue, we do not reach the second.
Appellant/defendant argues that co-employee suits in state courts for damages are barred in cases falling under the provisions of the LHWCA and that the election of remedies doctrine has no bearing in this case, citing 33 U.S.C. § 901-950; Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715,100 S.Ct. 2432, 65 L.Ed.2d 458 (1980); Ex parte Alabama Oxygen Co.,Inc., 433 So.2d 1158, 1159 (Ala. 1983); Keller v. Dravo Corp.,441 F.2d 1239 (5th Cir. 1971), Nations v. Morris, 483 F.2d 577
(5th Cir. 1973); Hughes v. Chitty, 415 F.2d 1150 (5th Cir. 1969). The appellee/plaintiff contends that in a case of land-based maritime injury, concurrent jurisdiction exists between federal and state remedies and that the plaintiff is not barred by the LHWCA unless he elects to pursue remedies under the LHWCA, citing Poche v. Avondale Shipyards, Inc.,339 So.2d 1212 (La. 1976); Umbehagen v. Equitable Equipment Co.,329 So.2d 245 (La.App. 1976); Sun Ship, Inc. v. Pennsylvania,447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980); Thomas v.Washington Gas Light Co., 448 U.S. 261, 100 S.Ct. 2647,65 L.Ed.2d 757 (1980).
Although both parties argue diversely about the intent of Congress in passing the exclusivity provisions of the LHWCA, they agree that the plaintiff was covered by the LHWCA; therefore, whether plaintiff could maintain his state court action requires us to construe the act to determine the intent of Congress in passing the LHWCA and the amendments thereto.
We find it unnecessary to delineate the historical background of the LHWCA, except to point out that since passage of the Act, Congress has progressively extended coverage under the act to maritime workers employed in land-based activities. See G. Gilmore C. Black, The Law of Admiralty (1975); A. Larson, 2A,4 Workmen's Compensation Law (1983); Sun Ship, supra;Washington Gas Light Co., supra.
For example, in 1972 Congress amended the LHWCA to cover more maritime employees under more situations, probably because of a statement made by Justice White in Nacirema Operating Co. v.Johnson, 396 U.S. 212, 90 S.Ct. 347, 24 L.Ed.2d 371 (1969). Seealso Tucker, Coverage and Procedure Under the LHWCA, 55 Tul.L.R. 1056 (1981).
 "While we have no doubt that Congress had the power to [extend LHWCA jurisdiction landward] in defining the coverage of its compensation remedy, the plain fact is that it chose instead the line in Southern Pacific Co. v. Jensen, 244 U.S. 205 (1917), separating water from land at the edge of the pier. The invitation to move that line landward must be addressed to Congress, not to this Court."
Nacirema Operating Co., supra, 396 U.S. 223-24,90 S.Ct. at 353-54.
To "move" that line landward, Congress amended 33 U.S.C. § 902
(3) and § 903 (a). Now 33 U.S.C. § 902 (3) reads, in pertinent part:
 "[E]mployee means any person engaged in maritime employment, including any *Page 324 
longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder. . . ."
Also 33 U.S.C. § 903 (a) now reads in pertinent part:
 "(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel). (Emphasis added.)
Congress did not amend 33 U.S.C. § 933 (i), which reads as follows:
 "The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee
when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any other person or persons in the same employ: Provided, That this provision shall not affect the liability of a person other than an officer or employee of the employer. [Emphasis added.]
 "Mar. 4, 1927, c. 509, § 33, 44 Stat. 1440; June 25, 1938, c. 685, §§ 12, 13, 52 Stat. 1168; Aug. 18, 1959, Pub.L. 86-171, 73 Stat. 391; Oct. 27, 1972, Pub.L. 92-576, § 15 (f)-(h), 86 Stat. 1262."
Appellant strongly argues that, as a matter of federal law, specifically 33 U.S.C. § 933 (i), the plaintiff was prevented from maintaining a co-employee damage suit. Appellant's argument is based upon the proposition that to allow a co-employee suit by a covered maritime employee when the federal statute specifically prohibits such suits would be to create the "type of federal-state conflict in which, under long established principles of federal pre-emption, pre-emption of state law is required."
Appellee contends that in a case of a land-based maritime injury, concurrent jurisdiction exists between federal and state remedies. In fact, appellee contends that the U.S. Supreme Court in Sun Ship, supra, has held that the LHWCA does not preclude concurrent state jurisdiction under a state workmen's compensation act in a case involving a harbor worker injured on land. Appellee states that this was the sole issue in Sun Ship, supra, as is apparent from the opinion, and that the issue was decided in his favor. The Court, in Sun Ship,supra, opined:
 "The single question presented by these consolidated cases is whether a State may apply its workers' compensation scheme to land-based injuries that fall within the coverage of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), as amended in 1972. 33 U.S.C. § 901-950. We hold that it may."
Sun Ship, supra, 447 U.S. at 716, 100 S.Ct. at 2434.
Appellant counters that "a distinction should be observed between the pre-emption of co-employee negligence actions for damages and the area in which some degree of overlap between the Longshoremen's and Harbor Workers' Compensation Act and the Alabama Workers' Compensation Act is permitted."
Appellant argues "that "a careful reading of the Sun Ship
decision indicates that the only permissible concurrent jurisdiction between federal and state compensation laws is concurrent application of `compensation benefit' levels." He says "That is, `workers who commence their actions under state law will generally be able to make up the difference between state and federal benefit levels.'" (Emphasis supplied).
Appellant argues:
 "The difference between benefit levels, however, refers to the schedule of compensation benefits, for example, for injuries to limbs, disfigurement and other categories in which weekly or biweekly benefit awards are made. This is something wholly different from the situation presented here, involving an action for damages, in which there is a clear conflict *Page 325 
between the federal statute prohibiting co-employee damage suits and the state common law of Alabama which allows it."
In our research, we have found that after it decided SunShip, the Supreme Court later decided that the Full Faith and Credit Clause of the U.S. Constitution does not preclude successive workmen's compensation awards, since a state has no legitimate interest within the context of the federal system in preventing another state from granting a supplemental award when the second state could have applied its workmen's compensation law in the first instance. Thomas v. WashingtonGas Light Co., 448 U.S. 261, 100 S.Ct. 2647, 65 L.Ed.2d 757
(1980). Neither Sun Ship, supra, nor Washington Gas Light Co.,supra, however, involved the precise question before us today — whether there can be concurrent jurisdiction to awarddamages to an injured plaintiff. Other courts have addressed the issue, however. The Louisiana Supreme Court held that a land-based maritime employee covered by the LHWCA could sue a co-employee under that state's workmen's compensation law.Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La. 1976). Earlier, Louisiana had merely recognized the overlap in compensation benefit levels only. Umbehagen v. EquitableEquipment Co., 329 So.2d 245 (La.Ct.App. 1976). The rationale of the Poche court was based on the election of remedies doctrine which has been severely criticized by the authorities and which has been held to be inapplicable in a case involving the LHWCA. See A. Larson, 2A Workmen's Compensation, § 73 (1983); Landry v. Carlson Mooring Service, 643 F.2d 1080 (5th Cir. 1981). The Poche court's decision was also based upon an interpretation of Louisiana's workmen's compensation law and upon prior Louisiana court decisions. The Poche decision was rendered before the Supreme Court's decision in Sun Ship,supra, wherein the Court indicated that in a case involving the LHWCA and a state workmen's compensation scheme in which there was an indisputable preclusion of LHWCA remedies, the federal law would "pre-empt the state compensation exclusivity clause."Sun Ship, 447 U.S. at 722, 100 S.Ct. at 2437. We consider thePoche and Umbehagen decisions in view of these statements of the law in Sun Ship, supra.
In the resolution of the question presented we are aided by other state and federal decisions. The Florida District Court of Appeals held the LHWCA took precedence over state law as to whether the employer could be assigned all rights of persons entitled to recover damages from third persons in a wrongful death action. United States Fidelity and Guaranty Co. v. ReedConstruction Corp., 132 So.2d 626 (Fla.App. 1961). The Supreme Court of South Carolina held the LHWCA was the "sole and exclusive remedy" of a plaintiff suing a co-employee in a negligence action. Smalls v. Blackmon, 269 S.C. 614,239 S.E.2d 640, at 640 (1977). That court specifically cited 33 U.S.C. § 933
(i). In Smalls the negligence action was clearly a shore-based maritime accident, as the plaintiff and defendant were involved in an automobile accident located at the Parris Island Marine Corps Exchange Service Station.
The Smalls court relied upon Nations v. Morris, 483 F.2d 577
(5th Cir. 1973), cert. denied, 414 U.S. 1071, 94 S.Ct. 584,38 L.Ed.2d 477 (1973), to reach its holding. Nations involved a plaintiff injured on an oil drilling rig located 40 miles off the coast of Louisiana. The plaintiff brought a co-employee action in federal court. Chief Judge Brown, writing for the appeals court, held that the LHWCA prohibited co-employee suits in this situation. In dicta, the Nations court indicated the LHWCA would apply to "twilight" or shore-based injuries, too. "L H [LHWCA] applies during the dark of night, at the break of dawn and in the twilight too." Nations, supra, at 584. In a case involving an injury on a floating dry dock located in a repair yard in a marine repair facility in Louisiana, the Fifth Circuit had earlier held that the exclusivity provisions of the LHWCA were constitutional and that they barred co-employee suits. Keller v. Dravo Corp., 441 F.2d 1239 (5th Cir. 1971). The Keller *Page 326 
court cited 33 U.S.C. § 933 (i) as the controlling provision.See also Fitzgerald v. Compania Naviera La Molinera,394 F. Supp. 402 (E.D.La. 1974), citing Keller, supra; Bynum v. S.S.Mormacteal, 188 F. Supp. 763 (E.D.Pa. 1960), which discusses the purpose of Congress's passage of 33 U.S.C. § 933 (i):
 "The 1959 amendment to § 33 simply recognized the problem [of co-employee suits] and solved it by forbidding such an action. In other words, the 1959 amendment to § 33 of the Act not only does not limit the provisions of § 5, but broadens them by insulating not only the employer, but also the fellow employees of the injured party from any liability in damages to the injured party. This is made clear by the legislative history of the amendment. U.S. Code Congressional and Administrative News, 86th Congress, First Session 1959, Volume 2, pages 2134-2136. With respect to the amendment now relied on by libellant, the Senate Report, under the heading `Purpose Of The Bill', states as follows at page 2135:
 "`The other major provision of the bill relates to the immunization of fellow employees against damage suits. The rationale of this change in the law is that when an employee goes to work in a hazardous industry he encounters two risks. First, the risks inherent in the hazardous work and second, the risk that he might negligently hurt someone else and thereby incur a large common-law damage liability. While it is true that this provision limits an employee's rights, it would at the same time expand them by immunizing him against suits where he negligently injures a fellow worker. It simply means that rights and liabilities arising within the `employee family' will be settled within the framework of the Longshoremen's and Harbor Workers' Compensation Act.'"
Bynum, supra at 764-765. Hughes v. Chitty, 415 F.2d 1150 (5th Cir. 1969), held that the LHWCA was the exclusive remedy for a longshoreman injured on navigable water.
We are sensitive to the statement made in Sun Ship, supra, that a state may apply its workers' compensation scheme to land-based injuries that fall within the coverage of the LHWCA, but we believe the concurrent jurisdiction for pursuit of benefits under a state's workmen's compensation scheme does not include common law suits for damages against co-employees.
We are of the opinion that the LHWCA and the law of Alabama are in serious conflict as to the maintenance of co-employee suits, and because that is the case, we hold that federal law will pre-empt state law. Florida Lime Avocado Growers, Inc.v. Paul, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1983);Howard v. Uniroyal, Inc., 543 F. Supp. 490 (M.D. Ala. 1981); Exparte Alabama Oxygen Co., Inc., supra. If the "enforcement of state law `presents a serious danger of conflict with the administration of the federal program . . .'" the federal law must take precedence. Uniroyal, supra at 492. We can perceive no greater conflict than that which would be presented if we allowed this employee to sue his co-employee because he was a land-based maritime worker, and a maritime worker injured on a navigable waterway would be precluded from maintaining such a suit; therefore, we are persuaded to hold that the exclusivity provisions of 33 U.S.C. § 933 (i) apply and that the state action was barred.
Because of our holding on the issue of pre-emption, we need not address the second issue raised by the defendant on appeal. For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur. *Page 327