WRIGHT, Presiding Judge.
Charles Tomlin was injured on October 16, 1979, while employed by Kaiser Aluminum and Chemical Sales, Inc., at its plant on Pinto Island in Mobile, Alabama. In September of 1980, Tomlin filed suit in Mobile County Circuit Court against co-employee Bush for damages from negligent injury. His wife, Judy Catherine Tomlin, joined the suit as plaintiff, seeking damages for loss of consortium. Plaintiffs alleged among other things that Bush was acting in a managerial capacity at the Kaiser facility at the time of the injury and was responsible for furnishing a reasonably safe place to work and safe equipment with which to work.
On April 12, 1984, Bush filed a motion for summary judgment on the grounds that the action against him was prohibited by 33 U.S.C. § 933(i) of the Federal Longshoremen’s and Harbor Workers’ Compensation Act (LHWCA). Bush’s motion was granted and Tomlin appeals.
Tomlin contends the LHWCA is not an exclusive remedy and that his action is not barred by 33 U.S.C. § 933(i).
In Fillinger v. Foster, 448 So.2d 321 (Ala.1984), the Supreme Court of Alabama held that such an action is barred by 33 U.S.C. § 933(i) stating:
“We are of the opinion that the LHWCA and the law of Alabama [on worker’s compensation] are in serious conflict as to the maintenance of co-employee suits, and because that is the case, we hold that the federal law will preempt state law.” (Citations omitted.)
Our review indicates that the facts and issues presented in this case are identical with those presented in Fillinger, and were determined therein adversely to the plaintiffs in this case. We therefore consider Fillinger to be dispositive of this appeal. The judgment of the circuit court is affirmed. United States Steel Corp. v. Goodwin, 267 Ala. 612, 613, 104 So.2d 333, 334 (1958).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.