These are appeals from summary judgments granted in favor of defendants/cross-defendants in a personal injury action.
Bailey, plaintiff, an employee of J.V. Collier Shipbuilding, Inc., was injured when paint vapors ignited while he was painting inside a "mud tank" aboard the vessel "Golden Condor," which was under construction at his employer's shipyard. For some time thereafter he received compensation payments under the Longshoremen and Harbor Workers' Compensation Act (L.H.W.C.A.), until he notified his employer's compensation carrier that he wished to have his compensation classified as being received under the Alabama Workmen's Compensation Act rather than the L.H.W.C.A. The reclassification was made and the benefits continued.
Bailey then brought suit charging J.V. Collier, the owner of J.V. Collier Shipbuilding, Inc., and Charles Daugherty, who was Bailey's foreman at the time of the injury, with negligent supervision. He also charged Glidden Coatings Resins, Inc., the manufacturer of the paint, with breach of warranty and liability under the Alabama Extended Manufacturer's Liability Doctrine (A.E.M.L.D.).
Glidden cross-claimed, seeking indemnity from Collier and Daugherty, asserting that they were actively negligent in failing to provide adequate safety equipment at the jobsite and that their negligence was the proximate cause of Bailey's injuries.
Defendants/cross-defendants, Collier and Daugherty, moved for summary judgment on both the initial claim and the cross-claim. Summary judgment was granted as to both. The trial court held that the initial claim was barred by the exclusivity provision of the L.H.W.C.A., 33 U.S.C. § 933 (i), which prohibits suits against co-employees. In addition, the trial court held that the cross-claim failed to present a genuine issue of material fact. The court certified its judgments pursuant to Rule 54 (b), Ala.R.Civ.P. Both the plaintiff, Bailey, and the cross-plaintiff, Glidden, appeal here.
The trial court correctly granted summary judgment against Bailey. As the trial court stated and as this Court recently held in Fillinger v. Foster, 448 So.2d 321 (Ala.), cert.denied, ___ U.S. ___, 105 S.Ct. 223, 83 L.Ed.2d 153 (1984), the exclusivity provisions of 33 U.S.C. § 933 (i) pre-empt negligence suits by land-based maritime workers against co-employees. It is undisputed that Bailey is a maritime employee covered by the L.H.W.C.A. and it is further undisputed that Fillinger, supra, is controlling. In fact, rather than arguing the inapplicability of Fillinger, Bailey simply argues that this Court should reconsider and overrule its opinion in that case. At the time Bailey's brief was filed, he was correct in stating that Fillinger was pending in the Supreme Court of the United States on petition for certiorari; however, on October 1, 1984, that court denied certiorari. *Page 383 
___ U.S. ___, 105 S.Ct. 223. Consequently, we follow Fillinger
and affirm the summary judgment granted against Bailey.
We also hold that the trial court did not err in granting summary judgment in favor of Collier and Daugherty on Glidden's cross-claim against them. The factual setting of this case is strikingly similar to the factual setting in Sherman ConcretePipe Machinery, Inc. v. Gadsden Pipe Co., 335 So.2d 125 (Ala. 1976). That appeal involved a final judgment dismissing a third-party claim by the manufacturer of an allegedly defective product against another party who the manufacturer alleged was actively negligent in causing the injury to the plaintiff.
The facts of that case, as set out in this Court's opinion, were as follows:
 "Robert Norris, an employee of Gadsden, filed a damage suit against Sherman, the manufacturer of a machine by which he was injured, and an insurance company, who inspected the machine for safety. Norris' complaint against the manufacturer alleged negligent design, manufacture and putting into commerce an imminently dangerous machine, and breach of warranty. The insurance company allegedly was negligent in performing the safety inspection.
 "Sherman filed a third-party claim against Gadsden alleging its active negligence was the proximate cause of Norris' injury, and seeking indemnity for any sums that might be adjudged against Sherman. Gadsden moved to dismiss the third-party complaint, stating in essence: (1) there is no right to indemnification among joint tortfeasors in Alabama; (2) a party sued for in effect negligent manufacture is necessarily actively negligent or not at all and is, therefore, prohibited from impleading a joint tortfeasor on the basis of a duty to indemnify; and (3) Alabama's Workmen's Compensation Act precludes the maintenance of a third-party action against an employer, subject to the Act, by a party who has been sued by his employee for personal injuries compensable under the Act.
 "While indemnity involves some form of contribution, the two are distinguishable. The theory of indemnity holds the defendant liable for the whole damage (joint tortfeasors in pari delicto) flowing from contract. In contribution the defendant is chargeable only with a ratable proportion based upon equitable factors measured by equality of burden. 41 Am.Jur.2d, Indemnity § 3; 18 Am.Jur.2d Contributions § 2. Contribution, therefore, distributes the loss equally among all tortfeasors; indemnity seeks to transfer the entire loss of one tortfeasor to another who, in equity and justice should bear it. Cf. Herrero v. Alkinson, 227 Cal.App.2d 69, 38 Cal.Rptr. 490, 8 A.L.R.3d 629. The general rule in Alabama, subject to exceptions, prohibits one of several joint tortfeasors from enforcing contribution from the others who participated in the wrong. This is because of the maxim that no man can make his own misconduct the ground for an action in his own favor. Gobble v. Bradford, 226 Ala. 517, 147 So. 619 (1933). And, in the case of indemnity, where joint tortfeasors are equally at fault, i.e. where each is chargeable with active or affirmative negligence contributing to the injury, for which recovery was had, neither is entitled to indemnity from the other, although he may be entitled to contribution. Symons v. Mueller Company, 526 F.2d 13 (10th Cir. 1975); 41 Am.Jur.2d, Indemnity § 21; cf. American Southern Insurance Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783, on contribution under the doctrine of respondeat superior."
This Court opined:
 "In the case before us, Sherman, charged with active negligence by negligently designing the machine causing Norris' injury, is attempting to implead Gadsden, Norris' employer. This is not permitted. Title 26, § 272, Code of Alabama 1940. This statute provides immunity of the employer from liability for injuries to his employee arising out of the course of employment. While an employer *Page 384 
may implead the manufacturer of a defective product causing injuries to his employee, the reverse is not true. Mallory S.S. Co. v. Druhan, 17 Ala. App. 365, 84 So. 874 (1920). In Mallory the court stated:
 "`While an employer owes the duty to his employ[ee] of refraining from using defective appliances furnished by a third person . . . the primary duty of furnishing safe appliances rests upon the third person, and he must indemnify the employer.'
 "Sherman contends Mallory acknowledges exceptions to the rule that Alabama does not recognize the right of indemnification among joint tortfeasors. However, Sherman overlooks the fact that Mallory also said, `The employer's negligence in failing to inspect is only passive; that of the one furnishing the appliance is active.'
 "This case should proceed, without impleader, under the Alabama Extended Manufacturer's Liability Doctrine, as announced by this court in Casrell v. Altec Industries, Inc., [335 So.2d 128 (Ala. 1976)]. Under this doctrine, a manufacturer who markets a product not reasonably safe when put to its intended use in the usual and customary manner, and causes injury to a user of the product, is negligent as a matter of law. Sherman may, however, avail itself of any of the defenses enumerated in Casrell, and thereby submit its liability to the trier of fact. It may be that Sherman has a complete defense, but it may not implead Gadsden in a third-party claim of indemnity."
Although we recognize that Sherman Concrete Pipe, Inc. is distinguishable from the case sub judice because indemnity therein was sought against an employer rather than, as here, against a co-employee, we nevertheless believe the rule stated in the last paragraph of that opinion to be applicable here. According to that rule, a manufacturer, such as Glidden, who markets a product not reasonably safe when put into the stream of commerce is negligent as a matter of law and, as a matter of law, may not seek indemnity against those whose concurrent negligence may have precipated an injury resulting from use of that product. Therefore, the trial court did not err in granting summary judgment against Glidden's cross-claim seeking indemnity.
AFFIRMED.
TORBERT, C.J., and SHORES and BEATTY, JJ., concur.
JONES, J., concurs in the result.