**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nancy Morris, as Personal Representative of the Estate of David Allen Woods, Appellant,

v.

State Fiscal Accountability Authority, South Carolina Insurance Reserve Fund, Andrew J. Bland, Richard T. Burkholder, Leenon E. Carner, Priscilla Bland, and Jerry Speissegger, Jr., Respondents.

Appellate Case No. 2020-000719

---

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-201
Heard May 2, 2023 – Filed May 24, 2023
Withdrawn, Substituted and Refiled October 18, 2023

---

**AFFIRMED**

---

Garrett Brendan Johnson, of Elrod Pope Law Firm, of Rock Hill; and Thomas J. Rode, of Thurmond Kirchner & Timbes, P.A., of Charleston, both for Appellant.

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia, for Respondents State Fiscal Accountability Authority and South Carolina Insurance Reserve Fund.

**PER CURIAM:** In this declaratory judgment action, Nancy Morris, as personal representative of the estate of David Allan Woods, appeals the circuit court's amended order granting the State Fiscal Accountability Authority (SFAA) and the South Carolina Insurance Reserve Fund's (IRF's; collectively, Respondents') motion to alter or amend and denying the declaratory relief Morris sought. Morris argues the circuit court erred in (1) interpreting section 1-11-460 of the South Carolina Code (Supp. 2022) to be discretionary, (2) finding the judgment at issue was not a "qualifying judgment" under section 1-11-460, (3) finding that covenants not to execute rendered this matter not justiciable, and (4) interpreting the undisputedly ambiguous insurance policy in favor of the insurer rather than in favor of coverage. We affirm.

This case arose out of a 42 U.S.C. §1983 action Morris filed in the United States District Court for the District of South Carolina against Berkeley County corrections officers Andrew J. Bland; Richard T. Burkholder; Leemon E. Carner; Priscilla Bland, née Garrett; and Jerry Speissegger, Jr. (collectively, Defendants) after Woods died while in custody at the Hill-Finklea Detention Center. A jury returned a verdict against Defendants and awarded $500,000 in actual damages against Defendants jointly and severally; $150,000 in punitive damages against Andrew J. Bland; $1 million in punitive damages against Burkholder; $150,000 in punitive damages against Carner; $150,000 in punitive damages against Speissegger; and $1 million in punitive damages against Priscilla Bland. Following a motion for setoff, the district court reduced the actual damages to $171,875.

The IRF tendered $1,017,782.38 in partial satisfaction of the judgment; this included $417,782.37 in attorney's fees, costs, and post-judgment interest. Morris then filed this declaratory judgment action in South Carolina state court against Defendants and Respondents to recover the outstanding punitive damage awards

from Berkeley County's General Tort Liability Insurance policy issued by the IRF (the IRF Policy)[1] and under section 1-11-460.[2]

We hold the circuit court did not err in finding Morris's declaratory judgment action against Respondents was moot. *See Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 602, 567 S.E.2d 514, 517 (Ct. App. 2002) ("An appellate court will not pass on moot and academic questions or make an adjudication where there remains no actual controversy." (quoting *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001))); *Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."). "[A]n automobile liability insurance policy is basically a contract of indemnity. The insurer is obligated to pay only those sums which the insured becomes legally obligated to pay." *Smalls v. Blackmon*, 269 S.C. 614, 617, 239 S.E.2d 640, 641 (1977). Morris executed and filed Assignments of Rights and Covenants Not to Execute (the Covenants) with each of the Defendants after filing her declaratory judgment action and judgment had been entered in the district court case. In consideration of the assignments under the Covenants, Morris covenanted "not to execute against any assets of the [Defendants]" and "not to institute any further claims, lawsuits, bankruptcy proceedings, or other causes of action against the [Defendants] to enforce or collect the [district court] judgment." Because Morris and Defendants executed the Covenants *after* judgment was entered in the

---

[1] Under the IRF policy, Berkeley County had a policy limit of $600,000 per "occurrence" resulting in personal injury. The policy also provided for supplementary payments for expenses incurred by the IRF and costs taxed against the insured in any suit defended by the IRF.

[2] S.C. Code Ann. § 1-11-460 ("The [SFAA], through the Division of Insurance Services, is authorized to pay judgments against individual governmental employees and officials, in excess of one million dollars, subject to a maximum of four million dollars in excess of one million dollars for one employee and a maximum of twenty million dollars in excess of five million dollars in one fiscal year. These payments are limited to judgments rendered under 42 U.S.C. Section 1983 against governmental employees or officials who are covered by a tort liability policy issued by the [IRF]. These payments are also limited to judgments against governmental employees and officials for acts committed within the scope of employment. If a judgment is paid, the payment must be recovered by assessments against all governmental entities purchasing tort liability insurance from the [IRF].").

district court case, Morris could not release Defendants from a future judgment. Instead, she could only covenant not to execute the existing judgment against them and relieve them from liability. *See Cobb v. Benjamin*, 325 S.C. 573, 578, 482 S.E.2d 589, 591 (Ct. App. 1997) ("[A] covenant not to sue is a promise not to enforce a right of action or to execute a judgment when one had such right at the time of entering into the agreement."). Here, both the IRF policy and section 1-11-460 functioned to indemnify Defendants for the amount they were liable to pay under the judgment. However, because Morris released them from all liability, the IRF and the SFAA were likewise no longer liable to pay under the IRF policy and section 1-11-460. *See Smalls*, 269 S.C. at 617, 239 S.E.2d at 641 ("An 'insurance carrier is in the same legal position as its insured. A liability insurance carrier only contracts to pay any debt the insured is liable to pay.'" (quoting *Travelers Ins. Co. v. Allstate Ins. Co.*, 249 S.C. 592, 596, 155 S.E.2d 591, 595 (1967))). Morris relies on *Fowler v. Hunter*[3] in support of her argument that the Covenants did not extinguish Defendants' liability or render her case moot. *Fowler* is factually distinguishable from the instant case because it involved a *prejudgment* covenant not to execute that assigned an insured's pending claim for professional liability against its insurance agency to the plaintiff. *Id.* at 359-60, 697 S.E.2d at 533-34. In *Fowler*, our supreme court held the prosecution of an *assigned* professional negligence claim against the insurance agency could proceed when a covenant not to execute was entered into. *Id. Fowler* is inapplicable because Morris signed a post-judgment covenant not to execute and this case does not involve the assigned claims.

As this court stated in *Cobb*, when an insured is relieved of a personal obligation to pay any judgment, the insurance company is relieved of its liability to pay under the policy. *See* 325 S.C. at 579, 482 S.E.2d at 592 ("When [the complainant] removed the obligation to pay a judgment from [the insured], she also relieved [the insurance company] of its liability to pay under [the insured]'s policy."). Moreover, the *Cobb* court enforced the reservation of right to proceed against any available underinsured motorist (UIM) coverage under the covenant not to execute. *See id.* at 578, 482 S.E.2d at 591. This is an important factual distinction for this case because in *Cobb*, the UIM coverage acted as first party coverage for the complainant, not the insured. Based on the foregoing, we affirm the circuit court's order on the ground of mootness.[4]

---

[3] 388 S.C. 355, 697 S.E.2d 531 (2010).
[4] Our affirmance of the circuit court's order on this ground is dispositive of Morris's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*,

As to Morris's contention that the Covenants were not presented to the circuit court, we find this argument is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). Respondents asked the circuit court to take judicial notice of the Covenants. The amended order indicated the circuit court took judicial notice of the Covenants. Morris did not argue to the circuit court that the Covenants were not properly before it. Moreover, Morris detailed several provisions of the Covenants in her memorandum in response to Respondents' cross-motion for summary judgment and conceded at the summary judgment hearing that she executed the Covenants with each Defendant. Accordingly, we find this argument is not preserved.

**AFFIRMED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).